## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TAE K. KIM,
>  Appellant,

v.

DEPARTMENT OF DEFENSE,
>  Agency.

DOCKET NUMBER
DC-3330-16-0104-I-1

DATE: January 18, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tae K. Kim</u>, Gettysburg, Pennsylvania, pro se.

<u>Kristine T. Burgos</u>, Alexandria, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act (VEOA) of 1998. For the reasons set forth below, the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2 In August 2015, the appellant applied, but was not selected, for the position of Transportation Operations Specialist, GS-2150-11, with the agency's Department of Defense Education Activity under Vacancy Announcement No. 15-082-KO-CMC-1479692. Initial Appeal File (IAF), Tab 1 at 7-29. He filed a timely complaint with the Department of Labor (DOL) alleging that the agency violated his veterans' preference rights in failing to select him for the position. *Id.* at 30. By notice dated October 23, 2015, DOL advised him that it had completed its investigation into his complaint without finding any veterans' preference violation. *Id.* at 30-31. The appellant then timely filed this VEOA appeal with the Board and requested a hearing. *Id.* at 1-6. In an initial decision dated August 4, 2016, the administrative judge found that the Board had jurisdiction over the appellant's VEOA appeal but denied his request for corrective action on the merits without holding his requested hearing. IAF, Tab 15, Initial Decision (ID). The initial decision noted that it would become final on September 8, 2016, unless a petition for review was filed by that date. ID at 9.

¶3 On February 1, 2017, the appellant filed two petitions for review[2] of the initial decision through the Board's e-Appeal filing system, indicating that he had not received the initial decision until midnight on January 30, 2017. Petition for Review (PFR) File, Tabs 1-2. In an acknowledgment letter dated February 2, 2017, the Clerk of the Board informed the appellant that his petition for review was untimely filed and that an untimely petition for review must be accompanied by a motion to either accept the filing as timely and/or waive the time limit for

[2] Both of these petitions were filed only minutes apart from each other, and we have treated them as one filing for purposes of this decision.

good cause. PFR File, Tab 3 at 1 (citing 5 C.F.R. § 1201.114(g)). The letter instructed the appellant that, if he filed the aforementioned motion, he must include a statement signed under penalty of perjury or an affidavit showing that the petition was either timely filed or that good cause existed for his late filing. *Id*. at 1-2. The Clerk provided the appellant a form titled "Motion to Accept Filing as Timely or to Waive Time Limit" and allowed him until February 17, 2017, to submit his motion and signed statement. *Id.* at 2, 7-8. The appellant did not respond to the Clerk's letter.

**ANALYSIS**

¶4 A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the party filing the petition shows that he received the initial decision more than 5 days after it was issued, within 30 days after he received the initial decision. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e). Because the administrative judge issued the initial decision in this case on August 4, 2016, any petition for review of the initial decision must have been filed by September 8, 2016. ID at 1, 9; 5 C.F.R. § 1201.114(e). The appellant, however, did not submit his petition for review until February 2, 2017—nearly 5 months after the deadline. PFR File, Tabs 1-2. As noted above, the appellant asserts that he did not receive the initial decision until midnight on January 30, 2017. PFR File, Tab 1 at 3, Tab 2 at 3. However, because he is a registered e-filer, IAF, Tab 4, he is deemed to have received the initial decision on the date of its electronic submission, August 4, 2016. *Palermo*, 120 M.S.P.R. 694, ¶ 3; 5 C.F.R. § 1201.14(m)(2); ID at 1, 14-15. Therefore, the appellant has not shown that he received the initial decision more than 5 days after its issuance or that he timely filed his petition for review within 30 days of his delayed receipt of the initial decision.

¶5    The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing.  *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. §§ 1201.113(d), 1201.114(f).  The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Palermo*, 120 M.S.P.R. 694, ¶ 4.  To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and the party's showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition. *Id*.

¶6    Here, the appellant's 5-month delay in filing his petition for review is significant, notwithstanding his pro se status.  *E.g.*, *Dow v. Department of Homeland Security*, 109 M.S.P.R. 633, ¶¶ 3, 8 (2008) (finding a delay of more than 1 month to be significant, notwithstanding the appellant's pro se status).  Furthermore, the appellant did not respond to the Clerk's acknowledgment letter or provide any explanation for his filing delay, despite being apprised of the requirements and of the consequences for failing to respond.  *See Bell v. Department of Homeland Security*, 112 M.S.P.R. 33, ¶¶ 8, 10 (2009) (dismissing a petition for review as untimely filed because the pro se appellant failed to respond to the order on timeliness or otherwise demonstrate good cause for the delay).  Therefore, we conclude that the appellant has failed to demonstrate good cause for the untimeliness of his petition for review.

¶7    In light of the foregoing, we dismiss the appellant's petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the appellant's VEOA appeal

challenging his nonselection for the Transportation Operations Specialist position under Vacancy Announcement No. 15-082-KO-CMC-1479692.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.

5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                            /s/ for
                                      Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.